**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING**

ELECTRONICALLY FILED
Apr 22 2022
U.S. DISTRICT COURT
Northern District of WV

**MATTHEW KANTERS and
OLIVIA KANTERS,**

      **Plaintiffs,**

v.                               **CIVIL ACTION NO.** 5:22-CV-104 (Bailey)
                                 **CIRCUIT COURT NO. 21-C-153**

**RODNEY OAKLEY and
NEW MILLENNIUM
TRANSPORTATION LLC,**

      **Defendants.**

## NOTICE OF REMOVAL

NOW COME Defendants, Rodney Oakley and New Millennium Transportation LLC (hereinafter collectively "Defendants"), by and through counsel, Tiffany R. Durst, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to *28 U.S.C. § 1332*, *1441*, and *1446*, and hereby give notice of removal of the above-captioned matter from the Circuit Court of Ohio County, West Virginia to the United States District Court for the Northern District of West Virginia, at Wheeling. In support thereof, Defendants state and aver as follows:

      1.      According to *28 U.S.C. § 1441(a)*, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The original jurisdiction of this Court includes "all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" *28 U.S.C. § 1332(a)(1)*.

2. This civil action was commenced by Plaintiffs, Matthew Kanters and Olivia Kanters (hereinafter collectively "Plaintiffs"), on or about September 21, 2021. Plaintiff filed her Complaint styled: *Matthew Kanters and Olivia Kanters v. Rodney Oakley and New Millennium Transportation LLC*, Civil Action No. 21-C-153, in the Circuit Court of Ohio County, West Virginia. *See Complaint, attached hereto as "Exhibit A."*

3. Upon information and belief, a complete copy of the Ohio County Circuit Court file, including true and correct copies of all process, pleadings, and orders served in the state court action, will be submitted to this Court by the Circuit Court of Ohio County, West Virginia. *See current Docket Sheet for Civil Action No. 21-C-153, attached hereto as "Exhibit B."*

4. This action is removable pursuant to *28 U.S.C. § 1332(a),* as this is a civil action wherein the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and it is between citizens of different states.

5. At the time the Complaint was filed by Plaintiffs, Defendants did not have a reasonable belief that the amount in controversy in this case exceeded the sum of Seventy-Five Thousand Dollars, specifically as the claimed medical bills and expenses for Plaintiff Matthew Kanters, as of September 2, 2021 correspondence from Plaintiffs' counsel, were in the amount of Twelve Thousand Five Hundred Nine Dollars and Eighty-Six Centers ($12,509.86).

6. Following the institution of the action, on January 14, 2022, Defendant New Millennium Transportation LLC served Requests for Admission on Plaintiffs, pursuant to Rule 36 of the West Virginia Rules of Civil Procedure, as follows:

> **Request No. 23:** With regard to this civil action, please admit that the matter in controversy exceeds the sum of $75,000.00.
> **Answer:**
>
> **Request No. 24:** With regard to this civil action, please admit that the matter in controversy is equal to or less than the sum or value of $75,000.00.

    **Answer:**

    **Request No. 25:** With regard to this civil action, please admit that Plaintiffs seek to recover in excess of $75,000.00 in damages.
    **Answer:**

  7. Plaintiffs' counsel thereafter requested an extension for the discovery responses through and including March 15, 2022, pursuant to e-mail correspondence of January 24, 2022. Thereafter, Plaintiffs' counsel requested an additional extension for Plaintiffs' discovery responses, with the responses being received by Defendants' counsel on March 23, 2022. Plaintiff Matthew Kanters specifically responded as follows to the above Requests for Admission:

    **Request No. 23:** With regard to this civil action, please admit that the matter in controversy exceeds the sum of $75,000.00.
    **Answer:** Admitted.

    **Request No. 24:** With regard to this civil action, please admit that the matter in controversy is equal to or less than the sum or value of $75,000.00.
    **Answer:** Denied.

    **Request No. 25:** With regard to this civil action, please admit that Plaintiffs seek to recover in excess of $75,000.00 in damages.
    **Answer:** Admitted.

  8. Based on the foregoing responses of Plaintiffs, it is clear that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). Thus, a review of Plaintiffs' Responses to Requests for Admission reveals, by a preponderance of the evidence pursuant to *28 U.S.C. § 1446(c)(2)(B)*, that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d at 481m 485 (S.D. W. Va. 2001). *See also*, *Weddington v. Ford Motor Credit*, 59 F. Supp. 2d 578 (S.D. W. Va. 1999); *Sayre v. Potts*, 32 F. Supp. 2d 881(S.D. W. Va. 1999).

9.  *28 U.S.C. § 1446(b)(3)* provides: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

10. Here, the Notice of Removal is timely filed within thirty (30) days after receipt by Defendants of Plaintiffs' Responses to the Requests for Admission "from which it may be first ascertained that the case in one which is or has become removable."

11. As set forth below, this action is between citizens of different states and, therefore, diversity of citizenship is shown:

   a. According to the Complaint, Plaintiffs are residents of Bridgeport, Ohio. *Exhibit A at ¶¶ 1-2.* Therefore, for purposes of *28 U.S.C. §§ 1332* and *1441*, Plaintiffs are domiciled in the State of West Virginia and are citizens of the State of West Virginia.

   b. Defendant Rodney Oakley is a citizen and resident of the Commonwealth of Pennsylvania, residing in Houston, Pennsylvania. *Exhibit A at ¶ 4.*

   c. Defendant New Millennium Transportation LLC is a Limited Liability Company organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 110 E. Katherine Avenue, Washington, Pennsylvania. *Exhibit A at ¶ 5.* The sole member of the Limited Liability Company is Robert Lopez ("Mr. Lopez"), whose residence is located at 110 East Katherine Avenue, Washington, Pennsylvania. Mr. Lopez started New Millennium Transportation LLC in 2000 and has been the only member of the LLC since it became an LLC in 2007. Thus, for purposes of *28 U.S.C. §§ 1332* and *1441*,

Defendant New Millennium Transportation LLC is domiciled in the Commonwealth of Pennsylvania and is a citizen of the Commonwealth of Pennsylvania.

12. Pursuant to *28 U.S.C. § 1441(a)*, any civil action brought in a State of which the district courts of the United States have jurisdiction may be removed by the Defendant(s) to the district court of the United States for the district and division embracing where such action is pending.

13. Pursuant to *28 U.S.C. § 1391*, venue is proper in the Northern District of West Virginia because a substantial part of the events or omissions giving rise to the claims contained in the Complaint allegedly occurred in this district.

14. Pursuant to *28 U.S.C. § 1446(d)*, Defendants are concurrently serving on Plaintiffs the Notice of Removal and also filing in the Circuit Court of Ohio County, West Virginia, a "Notice of Filing of Notice of Removal to Federal Court". *See Notice of Filing of Notice Removal to Federal Court, attached hereto as "Exhibit C."*

15. Defendants state that the removal of the above-captioned civil action from the Circuit Court of Ohio County to the United States District Court for the Northern District of West Virginia, at Wheeling, is proper.

Dated this 22nd day of April, 2022.

**Defendants, New Millennium Transportation LLC and Rodney Oakley, By Counsel:**

*/s/ Tiffany R. Durst*
Tiffany R. Durst, State Bar No. 7441

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, West Virginia 26508
Telephone:  (304) 225-2200
Facsimile:  (304) 225-2214

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

MATTHEW KANTERS and
OLIVIA KANTERS,

      Plaintiffs,

v.                                        CIVIL ACTION NO. 5:22-CV-104 (Bailey)
                                        CIRCUIT COURT NO. 21-C-153

RODNEY OAKLEY and
NEW MILLENNIUM
TRANSPORTATION LLC,

      Defendants.

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, does hereby certify on this 22nd day of April, 2022, that a true copy of the foregoing "*Notice of Removal*" was served via the CM/ECF filing system on the following: **Scott Blass, Esq.**, sblass@bordaslaw.com, **Christopher McCabe, Esq.**, CMcCabe@bordaslaw.com, Counsel for Plaintiffs.

                                        Scott S. Blass
                                        Christopher J. McCabe
                                        BORDAS & BORDAS, PLLC
                                        1358 National Road
                                        Wheeling, WV 26003
                                        *Counsel for Plaintiffs*

                                        */s/ Tiffany R. Durst*
                                        Tiffany R. Durst, State Bar No. 7441

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, West Virginia  26508
Telephone:  (304) 225-2200
Facsimile:  (304) 225-2214