SEP 21 '21 10:57
OHIO CO CIRCUIT COURT

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

MATTHEW KANTERS and
OLIVIA KANTERS

        Plaintiffs,

Civil Action No. _2/-C-153_

v.

Judge _MJO_

RODNEY OAKLEY and
NEW MILLENNIUM
TRANSPORTATION LLC

        Defendants.

## COMPLAINT

NOW COMES, the Plaintiffs, Matthew Kanters and Olivia Kanters, by and through their undersigned counsel, Scott S. Blass, Esq. and Christopher McCabe, Esq., and the law firm of BORDAS & BORDAS, PLLC, who for their Complaint against the Defendants, Rodney Oakley and New Millennium Transportation, states as follows:

1.      Plaintiff, Matthew Kanters ("Plaintiff Kanters"), at all times material and relevant hereto, was an adult individual who resided at 400 Howard Street, Bridgeport, Ohio 43912.

2.      Plaintiff, Olivia Kanters ("Plaintiff Wife") at all times material and relevant hereto, was an adult individual who resided at 400 Howard Street, Bridgeport, Ohio 43912.

3.      At all times material and relevant hereto, Plaintiff Kanters and Plaintiff wife were/are legally married.



**BORDAS AND BORDAS**
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

4.     Upon information and belief, Defendant, Rodney Oakley ("Defendant Oakley"), at all times material and relevant hereto, was an adult individual who resided at 25 East Pike Street, Apt. 2, Houston, PA 15342.

5.     Upon information and belief, Defendant, New Millennium Transportation, LLC ("Defendant New Millennium") is a Limited Liability Company organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business and/or mailing address located at 110 E Katherine Avenue, Washington, PA 15301.

6.     Defendant New Millennium at all times material and relevant hereto, was a motor carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR).

7.     Defendant New Millennium at all times material and relevant hereto, was required to comply with all applicable provision/regulations provided for by the Federal Motor Carrier Safety Administration (FMCSA) and under the FMCSR.

8.     Defendant Oakley at all times material and relevant hereto, was an actual, apparent, authorized, entrusted and/or ostensible agent, employee, contractor, representative, permissive operator and/or servant of Defendant New Millennium, as described more specifically throughout this Complaint.

9.     Defendant New Millennium at all times material and relevant hereto, acted by and through its actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, which included, but was not limited to, Defendant Oakley, and conducted business throughout the State of West Virginia, including Ohio County.

10.     Defendant Oakley at all times material and relevant hereto, was the permissive operator of a 2020 Volvo Truck Tractor with an attached trailer (hereinafter referred to as "tractor trailer").

11.     Defendant Oakley at all times material and relevant hereto, was operating a tractor trailer owned by, registered to, and acting under the direct control, direction, authority and supervision of Defendant New Millennium.

12.     Defendant Oakley at all times material and relevant hereto, was operating a tractor trailer that displayed Defendant New Millennium's business placard and its federally issued USDOT (#964468) and MC (#478858) Numbers.

13.     Defendant Oakley at all times material and relevant hereto, negligently carelessly and/or recklessly operated said tractor trailer, which included, but was not limited to, failing to yield, improperly merging and causing a preventable collision on Interstate 70 near Exit 1B in Wheeling, Ohio County, West Virginia.

14.     On January 5, 2021, Plaintiff Kanters was the owner/operator of a 2008 Honda Accord (VIN 1HGCP36808A071956).

15.     On January 5, 2021, Plaintiff Kanters was operating his vehicle at and/or near the Exit 1B Off Ramp Exit lane on I-70 Westbound in Wheeling, Ohio County, WV.

16.     On the same date, time, direction and location, Defendant Oakley was operating his tractor trailer on I-70 Westbound and was positioned to the left of the Exit 1B Off Ramp Exit Lane where Plaintiff Kanters was driving.

17.     Plaintiff Kanters at all times material and relevant hereto, had his vehicle fully established in his designated travel lane and was traveling forward in his lane prudently, carefully, lawfully and reasonably.

18.     Defendant Oakley at all times material and relevant hereto, suddenly and without warning began to merge his much larger tractor trailer onto the Exit 1B Off Ramp Exit Lane where Plaintiff Kanters' vehicle was already lawfully positioned and fully established.

19.     Defendant Oakley at all times material and relevant hereto, failed to yield the right of way and negligently, carelessly and recklessly merged into Plaintiff Kanters' established travel lane presumably without looking, utilizing his tractor's mirrors and without ensuring it was reasonably safe to do so.

20.     Defendant Oakley at all times material and relevant hereto, failed to properly maintain control of his tractor trailer and failed to be aware/cognizant of other vehicles positioned around and/or alongside his tractor trailer combination, so as to negligently, carelessly and recklessly cause it to cross into the Exit 1B Exit Lane of I-70 Westbound where Plaintiff Kanters was lawfully established.

21.     Defendant Oakley's negligent, careless and reckless driving actions/omissions resulted in his tractor trailer combination smashing into the front driver's side portion of Plaintiff Kanters' vehicle.

22.     The violent impact of Defendant Oakley's tractor trailer caused Plaintiff Kanters' vehicle to be thrown to the right and into a concrete wall/jersey barrier on the right hand side of I-70 Westbound.

23.     After smashing into Plaintiff's vehicle, Defendant Oakley fled the crash scene, failed to stop his tractor trailer and/or render any assistance to Plaintiff Kanters. He took Exit 1B and continued to his destination.

24.     The officers who investigated the crash were able to located and identify Defendant Oakley and the tractor trailer he was operating. It had stopped at its presumed destination a few miles away from the crash scene.

25.     Defendant Oakley at all times material and relevant hereto, owed Plaintiff Kanters a duty to exercise due and reasonable care to maintain control of his tractor trailer, to remain in his proper lane of travel and only merge when it was safe to do so, to yield the right of way, to not flee the scene of a crash he caused and to obey all applicable regulations, rules and laws governing the roadway and the operation of his tractor trailer.

26.     As a direct and proximate result of Defendant Oakley's negligent, careless and reckless driving actions and/or omissions, Plaintiff Kanters was caused to suffer significant personal injuries and damages, including but not limited to, pinched nerves in his cervical and thoracic spines, injuries to his neck, injuries to his back, a closed head injury, a concussion, varies injuries to his head, headaches, vision issues vestibular issues, and other injuries not yet known to the Plaintiff. Some, if not all of his crash related injuries are significant, permanent and are considered to be a substantial deformity/disfigurement and permanent physical function injury.

27.     Defendant Oakley's negligent, careless and reckless driving actions and/or omission were the direct and proximate cause of this preventable crash and the injuries/damages suffered by Plaintiff Kanters.

28.     Plaintiff Kanters at all times material and relevant hereto, operated his vehicle in a safe and prudent manner, and in no way caused and/or contributed to the subject collision.

29.     Defendant Oakley at all times material and relevant hereto was charged in violation of WV Code 17C-9-3 and WV Code 17C-4-2.

30.     The injuries and damages suffered by Plaintiff Kanters are the direct and proximate result of Defendant Oakley's negligence, carelessness and recklessness, in the following particulars:

a)     Failing to keep a proper lookout for traffic and roadway conditions that existed in front of, behind and to the sides of his tractor trailer;

b)     Failing to have the vehicle he was operating under proper and adequate control;

c)     Driving his vehicle at a speed that was too fast for the conditions that then and there existed;

d)     Failing to yield to Plaintiff Kanters' right of way;

e)     Violating WV Code § 17C-9-3;

f)     Violating WV Code § 17C-4-2;

g)     Failing to pay attention to and/or notice the location of Plaintiff Kanters' vehicle on the roadway when he moved from the middle lane into the right hand exit lane;

h)     Failing to pay attention to and/or notice the fact that Plaintiff Kanters' vehicle was positioned in the right-hand exit lane, directly beside his tractor trailer when he merged from the middle lane;

i)     Failing to employ and/or use defensive driving techniques/principles before directly and proximately causing the subject crash;

j)   Failing to employ and/or use defensive driving techniques/principles at all times leading up to him changing lanes, and into the lane of travel that Plaintiff Kanters was positioned;

k)   Failing to employ and/or use defensive driving techniques/principles at all times leading up to and at time of crash;

l)   Failing to activate a turn signal to indicate to other drivers around him, including Plaintiff Kanters, that he was merging into the right-hand exit lane;

m)   Driving in the right hand exit lane when it was not safe and/or prudent to do so;

n)   Merging into the right-hand exhibit lane without first ensuring it was safe to do so without incident;

o)   Failing to see and/or realize that Plaintiff Kanters was positioned in the right-hand exit lane before changing lanes;

p)   Failing to notice Plaintiff Kanters' vehicle;

q)   Attempting to exit I-70 Westbound at the last possible chance and slamming into another vehicle while attempting to do so;

r)   Failing to stop and/or take any other action to avoid causing a collision;

s)   Driving recklessly

t)   Causing a preventable collision;

u)   Failing to stop after causing a collision;

v)   Failing to render any assistance or aid to the Plaintiff, but instead, fleeing from the crash scene;

w)   Continuing to operate his vehicle away from the scene of a collision in which he caused;

x)   Causing Plaintiff Kanters' vehicle to collide with a cement wall/jersey barrier on the right hand side of I-70 Westbound;

y)   Failing to properly utilize the tractor trailer's rear and side-view mirrors;

z)   Continuing to operate his tractor trailer in a direction towards Plaintiff Kanters' vehicle when he saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a collision and/or forcing Plaintiff Kanters from the roadway;

aa)   Failing to keep his vehicle within the proper lane of travel;

bb)   Disregarding the rights of Plaintiff Kanters positioned lawfully on the roadway by failing to use due care and caution under the circumstances;

cc)   Failing to keep a reasonable look-out for other vehicles on the roadway;

dd)   Operating a vehicle on a roadway open to the public for vehicular traffic without being in reasonable control of his vehicle;

ee)   Operating a vehicle in a careless, reckless and negligent manner;

ff)   Operating a commercial vehicle in willful or wanton disregard for the safety of persons or property;

gg)   Failing to comply with West Virginia law in that he operated the tractor trailer without due regard for the rights, safety and position of other motorists, including Plaintiff Kanters;

hh)   Operating a tractor trailer while distracted and/or fatigued;

ii)   Operating a tractor trailer while drowsy, on limited sleep, fatigued and/or sleepy;

jj)   Failing to adhere to Federal/State/Local Regulation and Laws when operating a commercial motor vehicle;

kk)   Failing to conduct an appropriate pre-trip inspection;

ll)   Failing to employ and/or utilize the training he received to become a licensed commercial driver;

mm)   Failing to adhere to all Defendant New Millennium's internal policies and procedures concerning the safe and lawful operation of a commercial motor vehicle;

nn)   Failing to practice and/or understand, at a minimum, the safety standard concepts as outlined in the FMCSR and the Commercial Driving License Manual;

oo)   Failing to recognize obvious hazards which should have been anticipated and/or guarded against when operating a commercial motor vehicle, specifically, begin cognizant of vehicles positioned in alongside his tractor trailer;

pp)   Violating applicable sections of the FMCSR, inasmuch as those sections provide the minimum, generally accepted standards of care in the trucking industry; and

qq)   Operating a commercial motor vehicle in violation of the laws, ordinances and regulations of the State of West Virginia, and in violation of 49 C.F.R. § 392.2.

31.   Defendant Oakley at all times material and relevant hereto, was acting with in the course and scope of his employment and/or agency relationship with Defendant New Millennium. Consequently, Defendant New Millennium is vicariously liable for all injuries and damages caused by Defendant Oakley's negligent, careless and reckless driving actions and/or omissions leading up to and at the time of the subject collision, pursuant to the doctrine of *respondeat superior*.

32.   Defendant New Millennium is fully liable for the acts of its actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, including but not limited to, Defendant Oakley, who was operating the tractor trailer within the course and scope of his employment and/or agency relationship pursuant to the doctrine of joint venture, vicarious liability and/or actual or implied agency, or other common law or statutory theories of liability.

33.   The injuries and damages suffered by Plaintiff Kanters were also the direct and proximate result of Defendant New Millennium's own negligent, careless and reckless conduct, in the following particulars:

a)   Failing to adequately monitor, control and/or supervise Defendant Oakley, who was operating a tractor trailer on behalf of the company(s);

b)   Permitting Defendant Oakley to operate a tractor trailer combination without first undertaking adequate measures to ensure that he in fact possessed the requisite skills, ability, training, experience and/or was in fact capable of safely operating

the equipment in a lawful manner, so as not to harm others driving on the roadway;

c) Failing to ensure that Defendant Oakley complied with applicable FMCSR while operating a tractor trailer combination;

d) Permitting Defendant Oakley to operate a tractor trailer combination when it knew or had reason to know that his lack of training, experience and/or driving propensities would cause him to operate said vehicle in an unsafe and/or unlawful manner, thereby creating unreasonable risk of harm to others on the road including, but not limited to the Plaintiff Kanters;

e) Failing to inquiry, investigate and/or determine whether Defendant Oakley was qualified to legally operate a tractor and trailer combination on the day of the collision, in direct violation of Part 391 of the FMCSR;

f) Failing to instruct and/or train its driver, including Defendant Oakley, in the safe, proper and prudent operation of a tractor trailer combination to include, but not be limited to, the safety laws, rules and/or regulations provided in all applicable Commercial Drivers' Manuals, the FMCSR and/or the traffic laws of West Virginia;

g) Permitting Defendant Oakley to operate a tractor trailer when it knew, or had reason to know, that he was not properly trained, educated or instructed in the operation of such commercial motor vehicle;

h) Failing to instruct and/or train its drivers, including Defendant Oakley, how to maintain proper control of a commercial motor vehicle when merging so as to avoid collisions with other vehicles using the roadway;

i) Failing to instruct and/or train its drivers, including Defendant Oakley, regarding defensive driving techniques and/or the Smith Systems;

j) Failing to instruct and/or train its drivers, including Defendant Oakley, regarding space management in, around and in front of a tractor trailer, so as to avoid collisions with others utilizing the roadway;

k) Failing to instruct, train and educate its driver, including Defendant Oakley, regarding proper merging procedures and/or when it is safe to merge;

l)   Failing to instruct and/or train its drivers, including Defendant Oakley, regarding various approved techniques for commercial drivers to perform a visual search ahead and around their vehicle, so as to avoid collisions with others utilizing the roadway, including, but not limited to, yielding to traffic established in a travel lane before attempting to merge;

m)   Failing to instruct and/or train its drivers, including Defendant Oakley, to never leave the vehicle's designated travel lane, and to merge only when it is safe and prudent to do so;

n)   Failing to instruct and/or train its drivers, including Defendant Oakley, regarding proper collision avoidance maneuvers;

o)   Failing to instruct and/or train its drivers, including Defendant Oakley, regarding proper passing techniques in order to avoid potential collisions;

p)   Failing to instruct and/or train its drivers, including Defendant Oakley, regarding proper anticipation, to plan and/or prepare for, to prevent emergencies and/or prevent equipment failure, so as to avoid collisions with others utilizing the roadway;

q)   Failing to ensure its drivers, including Defendant Oakley, complied with and/or observed the FMCSR in violation of 49 C.F.R. § 390.11;

r)   Failing to ensure its drivers, including Defendant Oakley, conducted pre-trip, pre-operation, post-trip, and/or post-operation inspections as required by the FMCSR and the FMCSSA;

s)   Failing to implement company procedures and/or policies directed towards its drivers, concluding Defendant Oakley, concerning safe driving principles on traveled roadways;

t)   Failing to develop policies and/or procedures directed to its drivers, including Defendant Oakley, concerning the proper, safe and lawful operation of a tractor and trailer to protecting other drivers on the roadway;

u)   Failing to train and/or instruct its drivers, including Defendant Oakley, to not operate a tractor trailer combination while distracted;

v)   Permitting its drivers, including Defendant Oakley, to drive such equipment in an unsafe manner in direct violation of 49 C.F.R. § 396.7;

w) Failing to comply with 49 C.F.R. § 396.3 requiring proper vehicle inspections, repairs and maintenance;

x) Failing to comply with 49 C.F.R. § 396.13 requiring proper vehicle inspections by persons permitted to operate a commercial motor vehicle owned and/or controlled by Defendants;

y) Failing to comply with 49 C.F.R. § 390.13 which prohibits aiding, abetting, encouraging and/or requiring violations of the FMCSR;

z) Permitting Defendant Oakley to operate a tractor and trailer on limited sleep, while drowsy, fatigued and/or sleepy in direct violation of 49 C.F.R. § 392.3;

aa) Failing to ensure that Defendant Oakley only drove a tractor and trailer within the specified number of hours he was permitted, as limited by federal and state law regulations;

bb) Failing to know and/or comply with the FMCSR, as required by 49 C.F.R. § 390.3(e)(1);

cc) Failing to instruct Defendant Oakley on the requirements of the FMCSR, as required by 49 C.F.R. § 390.3(e)(2);

dd) Failing to employ a competent and/or qualified safety director;

ee) Failing to adequately staff a safety department;

ff) Failing to inspect, maintain and/or repair the subject tractor and trailer combination to ensure that all of its parts, mechanisms and equipment were working so it could safely operate in direct violation of 49 C.F.R. § 392.7;

gg) Failing to intervene and/or prevent Defendant Oakley from violating Federal, State and/or Local Rules, Laws and/or Regulations when it knew and/or should have known that he was unaware of and/or had the propensity to violate same;

hh) Failing to comply with all applicable state and federal laws under the circumstances as provided for under FMCSR § 390.3;

ii) Failing to conduct post-crash drug and alcohol testing;

jj) Failing to comply with industry best practices and/or safety standards;

kk) Violating Federal, State and Local Safety Regulations, including the FMCSR;

ll) Failing to exercise due care generally; and

mm)   Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff Kanters.

34.     Defendants Oakley and New Millennium each owed a duty to Plaintiff Kanters to use reasonable care for his safety, in all the particulars as pleaded throughout this Complaint.

35.     The acts of Defendants Oakley and New Millennium as described throughout this Complaint, exhibited a conscious disregard for the rights and safety of Plaintiff Kanters, and other individuals who were operating their vehicles at and/or near the collision location, as their stated conduct had a great probability of causing substantial harm.

36.     Defendants Oakley and New Millennium, individually and by and through their actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, breached their duties owed to Plaintiff Kanters, in all the particulars as pleaded throughout this Complaint.

37.     The acts of Defendants Oakley and New Millennium constituted reckless, wanton, willful and gross acts toward the health and welfare of Plaintiff Kanters.

38.     The acts of Defendants Oakley and New Millennium were so outrageous that punitive damages should be assessed against each of them, to punish and deter them and others from behaving similarly in the future.

39.     Defendants Oakley and New Millennium are each fully liable for the catastrophic injuries suffered by Plaintiff Kanters as a result of their own misconduct, through the misconduct of their controlled subsidiaries and through the theories of joint and several liability, joint venture, or other common law or statutory theories.

40.     As a direct, proximate and reasonably foreseeable result of Defendants Oakley and New Millennium's negligent, careless and/or reckless conduct as described herein, Plaintiff Kanters suffered significant personal injuries and damages, some and/or all of which are reasonably cetin to be permanent.

41.     As a direct and proximate result of the negligent, careless and/or reckless conduct of the Defendants Oakley and New Millennium as described herein, Plaintiff Kanters has experienced severe physical pain, mental and emotional anguish, annoyance, inconvenience and a diminishment in his ability to fully function, enjoy life and earn a living.

42.     As a direct and proximate result of the negligent, careless and/or reckless conduct of the Defendants Oakley and New Millennium as described herein, Plaintiff Kanters is reasonably certain to continue to experience into the future, and potentially permanently, severe physical pain, mental and emotional anguish, annoyance, inconvenience and a diminishment in his ability to fully function, enjoy life and earn a living.

43.     As a direct and proximate result of the negligent, careless and/or reckless conduct of the Defendants Oakley and New Millennium as described herein, Plaintiff Kanters is reasonably certain to incur a permanent and substantial physical

deformity/disfigurement, a permanent physical function injury, future physical pain, future mental and emotional anguish, future annoyance, inconvenience and a diminishment in his ability to fully function, enjoy life and earn a living.

44.     As a direct and proximate result of the negligent, careless and reckless actions and/or omissions of the Defendants Oakley and New Millennium, Plaintiff Kanters has incurred medical bills and lost wages.

45.     As a direct and proximate result of the negligent, careless and reckless actions and/or omissions of the Defendants Oakley and New Millennium, Plaintiff Kanters is reasonably certain to incur future medical bills and future lost wages.

46.     As a direct and proximate result of the negligent, careless and reckless actions of the Defendants, Plaintiff Wife, has suffered, and is reasonably certain to continue to suffer, a loss of the love, society, comfort, companionship and services of her husband, Plaintiff Kanters.

WHEREFORE, Plaintiffs, Matthew Kanters and Olivia Kanters, respectfully pray that judgment be entered against the Defendants, Rodney Oakley and New Millennium Transportation, LLC, jointly and severally, for compensatory damages, as well as punitive damages, and for pre-judgment and post-judgment interest, attorneys' fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and other such relief as this Court deems proper.

## A JURY TRIAL IS DEMANDED ON ALL ISSUES.

Matthew Kanters and Olivia Kanters,
Plaintiffs,

By: _____

Scott S. Blass (#4628)
Christopher J. McCabe (#13652)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
T: (304) 242-8410
F: (304) 242-3936
Email: sblass@bordaslaw.com
        cmccabe@bordaslaw.com
*Counsel for Plaintiffs*

IN THE CIRCUIT COURT OF _____ **OHIO** _____ COUNTY, WEST VIRGINIA

SEP 21 '21 AM 10:57
OHIO COUNTY
CIRCUIT COURT

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | Case No. 21-C-153 |
| Matthew Kanters | Judge: MJO |
| 400 Howard Street | Plantiff's Phone: |
| Bridgeport, Ohio 43912 | |
| **vs.** | |
| **Defendant(s)** | Days to Answer   Type of Service |
| Rodney Oakley | 30   Certified Mail |
| Name | |
| 25 East Pike Street, Apt. 2 | Defendant's Phone: |
| Street Address | |
| Houston, PA 15342 | |
| City, State, Zip Code | |

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [x] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): _____ / _____

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [x] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language:
- [ ] Other:

Attorney Name: Scott S. Blass, Esq./Christopher J. McCabe, Esq.

Firm: Bordas & Bordas, PLLC

Address: 1358 National Road, Wheeling, WV 26003

Telephone: (304) 242-8410

Representing:
- [x] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] **Proceeding Without an Attorney**

Original and _____ copies of complaint enclosed/attached.

Dated: 9 / 15 / 2021   Signature: *Christy M McCabe*

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**   Revision Date: 4/2020

**Plaintiff:** Matthew Kanters _____ , et al   **Case Number:** 21-C-153

vs.

**Defendant:** Rodney Oakley _____ , et al

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

New Millennium Transportation, LLC
_____
Defendant's Name

110 E Katherine Avenue
_____
Street Address

Washington, PA 15301
_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: ___30___

Type of Service: Secretary of State

---

Geico Insurance (P's UIM Carrier)
_____
Defendant's Name

1 Geico Center
_____
Street Address

Macon, GA 31296
_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: ___30___

Type of Service: Secretary of State

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

**SCA-C-100:  Civil Case Information Statement-Defendant(s) Continuation Page**          Revision Date: 4/2020

SEP 21 '21 AM11:18
OHIO CO CIRCUIT COUR

## SUMMONS
### CIRCUIT COURT OF **OHIO** COUNTY, WEST VIRGINIA

MATTHEW KANTERS
        **PLAINTIFF,**
    VS.

RODNEY OAKLEY
        **DEFENDANT.**

CIVIL ACTION NO. 21-C-153
JUDGE: **MICHAEL J. OLEJASZ**

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon SCOTT S. BLASS, plaintiff's attorney, whose address is BORDAS & BORDAS, 1358 NATIONAL ROAD, WHEELING, WV, 26003 an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

                                  BRENDA L MILLER
Dated: September 21, 2021                CLERK OF COURT

*Please Serve:*
*RODNEY OAKLEY*
*25 EAST PIKE ST, APT 2*
*HOUSTON, PA 15342*



d:\corel\boiler\civsum.wpd

**SUMMONS**

CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

SEP 21 '21 AM11:18
OHIO CO CIRCUIT COURT

MATTHEW KANTERS
        PLAINTIFF,

VS.                                   CIVIL ACTION NO. 21-C-153
                                      JUDGE: **MICHAEL J. OLEJASZ**

RODNEY OAKLEY
        DEFENDANT.

**To the above named Defendant:**

        IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon SCOTT S. BLASS, plaintiff's attorney, whose address is

BORDAS & BORDAS, 1358 NATIONAL ROAD, WHEELING, WV, 26003 an answer

including any related counterclaim you may have to the complaint filed against you in the

above civil action, a true copy of which is herewith delivered to you.  You are required to

serve your answer within  30  days after service of this summons upon you, exclusive of the

day of service.  If you fail to do so, judgment by default will be taken against you for the

relief demanded in the complaint and you will be thereafter barred from asserting in another

action any claim you may have which must be asserted by counterclaim in the above style

civil action.

                                      BRENDA L MILLER
                                      CLERK OF COURT
Dated: September 21, 2021

*Please Serve:*
*NEW MILLENNIUM TRANSPORTATION, LLC*
 *110 E. KATHERINE AVE*
*WASHINGTON, PA 15301*

d:\corel\boiler\civsum.wpd

SEP 21 '21 AM 11:18
OHIO CO CIRCUIT COURT

## SUMMONS
CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

MATTHEW KANTERS
      PLAINTIFF,
   VS.                       CIVIL ACTION NO. 21-C-153
                                     JUDGE: MICHAEL J. OLEJASZ

RODNEY OAKLEY
      DEFENDANT.

**To the above named Defendant:**

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon SCOTT S. BLASS, plaintiff's attorney, whose address is

BORDAS & BORDAS, 1358 NATIONAL ROAD, WHEELING, WV, 26003 an answer

including any related counterclaim you may have to the complaint filed against you in the

above civil action, a true copy of which is herewith delivered to you. You are required to

serve your answer within 30 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the

relief demanded in the complaint and you will be thereafter barred from asserting in another

action any claim you may have which must be asserted by counterclaim in the above style

civil action.

                                         BRENDA L MILLER
Dated: September 21, 2021                 CLERK OF COURT

*Please Serve:*
*GEICO INSURANCE(P'S UIM CARRIER)*
*1 GEICO CENTER*
*MACON, GA 31296*



d:\corel\boiler\civsum.wpd



SEP 21 '21 AM 10:57
OHIO CO CIRCUIT COUR

**BORDAS**
—AND—
**BORDAS**
ATTORNEYS, PLLC

Reply to:

One Gateway Center
420 Fort Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-242-3936

bordaslaw.com

September 15, 2021

***Via Regular U.S. Mail***
Brenda Miller, Clerk
Ohio County Circuit Clerk
1500 Chapline Street
Wheeling, WV 26003

Re: Matthew Kanters vs. Rodney Oakley & New Millennium Transportation

Dear Ms. Miller:

I hope this correspondence finds you well.

Enclosed please find the original and seven (7) copies of a Civil Complaint, the Civil Case Information Statement, and our firm's checks for fees associated with same.

Please enter the Complaint in the court records and serve the same upon the defendant Rodney Oakley (via certified mail) and the defendant New Millennium Transportation, LLC as well as the UIM Carrier, Geico Insurance (via Secretary of State) and return a time-stamped copy to me in the self-addressed stamped envelope provided.

If you should have any questions regarding this matter, please feel free to contact me.

Thank you for your assistance in this matter.

Very truly yours,

*/s/ Christopher J. McCabe*

CHRISTOPHER J. McCABE, ESQ.

CJM/aw
Enclosures

A.M.D.G.



**BORDAS**
—AND—
**BORDAS**

ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

SEP 21 '21 AM 10:57
OHIO CO CIRCUIT COURT

September 20, 2021

***Hand Delivery***

Brenda Miller, Circuit Clerk
Ohio County Courthouse
1500 Chapline Street
Wheeling, WV 26003

Re:   *Matthew Kanters v. Rodney Oakley and New Millennium Transportation*

Dear Ms. Miller:

Please find enclosed our firm's check in the amount of $15.00 representing additional payment of the fees associated with filing and service of the Complaint in the above-referenced matter.

If you should have any questions regarding this matter, please feel free to contact me.

Thank you for your assistance in this matter.

Very truly yours,

*Christopher J. McCabe*/jlm

CHRISTOPHER J. McCABE, ESQ.

CJM/jlm
Enclosure

A.M.D.G.

OFFICE OF THE CIRCUIT CLERK

OHIO
1500 CHAPLINE ST.
WHEELING

RECEIPT #: 102534

DATE RECEIVED: 09/21/2021

RECEIVED FROM: BORDAS & BORDAS

TOTAL: $275.00

STYLE OF CASE
      MATTHEW KANTERS
          VS.
      RODNEY OAKLEY

CASE #: 21-C-153

IN PAYMENT OF FILING/2DEFS/CM/SOS
BY Check 28973

BRENDA L MILLER
CLERK OF THE CIRCUIT COURT

BY _____

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $_____
☐ Return Receipt (electronic)  $_____
☐ Certified Mail Restricted Delivery  $_____
☐ Adult Signature Required  $_____
☐ Adult Signature Restricted Delivery $_____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To Rodney Oakley
Street and Apt. No., or PO Box No. 22 E. Pike St. Apt 2
City, State, ZIP+4 Houston, PA 15342

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0700 0001 6228 0586

OFFICE OF THE CIRCUIT CLERK

OHIO
1500 CHAPLINE ST.
WHEELING

RECEIPT #: 102535

DATE RECEIVED: 09/21/2021

RECEIVED FROM: BORDAS & BORDAS

TOTAL: $25.00

STYLE OF CASE
      MATTHEW KANTERS
         VS.
      RODNEY OAKLEY

CASE #: 21-C-153

IN PAYMENT OF SOS
BY Check  29104

BRENDA L MILLER
CLERK OF THE CIRCUIT COURT

BY _____

OFFICE OF THE CIRCUIT CLERK

RECEIPT #: 102536

OHIO
1500 CHAPLINE ST.
WHEELING

DATE RECEIVED: 09/21/2021

RECEIVED FROM: BORDAS & BORDAS

TOTAL: $15.00

STYLE OF CASE
      MATTHEW KANTERS
          VS.
      RODNEY OAKLEY

CASE #: 21-C-153

IN PAYMENT OF THIRD DEF
BY Check 29130

BRENDA L MILLER
CLERK OF THE CIRCUIT COURT

BY _____

| Invoice Date | Invoice No. | Description | Matter ID | Invoice Amount |
|---|---|---|---|---|
| 09/20/2021 | | 2463 Kanters - Additional Filing Fee | 2463 | $15.00 |
| | | | Check Amount | $15.00 |

**BORDAS & BORDAS, PLLC**            **ATTORNEYS AT LAW - CLIENT COSTS**            29130

Additional Filing Fee

| Invoice Date | Invoice No. | Description | Matter ID | Invoice Amount |
|---|---|---|---|---|
| 09/20/2021 | | 2463 Kanters - Additional Filing Fee | 2463 | $15.00 |
| | | | Check Amount | $15.00 |



Rev 3/19            104371            10437